IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| LARRY DON FRANKLIN, ID # 566113,   )<br>    Petitioner,   )<br>vs.   )<br>   )<br>NATHANIEL QUARTERMAN, Director,   )<br>Texas Department of Criminal   )<br>Justice, Correctional Institutions Division,   )<br>    Respondent.   )   | No. 3:08-CV-0525-G (BH)<br><br>Referred to U.S. Magistrate Judge |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b) and an Order of the Court, this case has been referred to the United States Magistrate Judge for findings, conclusions, and recommendation.

**I. BACKGROUND**

Petitioner, an inmate currently incarcerated in the Texas Department of Criminal Justice - Correctional Institutions Division (TDCJ-CID), filed a petition for writ habeas corpus pursuant to 28 U.S.C. § 2254 to challenge the denial of good time credit earned while incarcerated on pre-revocation warrants. Respondent is Nathaniel Quarterman, Director of TDCJ-CID.

Petitioner was convicted of unauthorized use of a vehicle in Cause No. F90-40945-S, and was sentenced to twenty-five years imprisonment on October 10, 1990. On August 7, 1992, he was released on parole. Petitioner was arrested for an alleged parole violation on September 24, 1999. After that date, but before his parole was ultimately revoked, he was in custody on warrants for other alleged parole violations.[1] Petitioner's parole was revoked on January 11, 2006, and on June 21, 2006, he returned to TDCJ-CID based on the parole violation as well as new charges. Petitioner

---

[1] Petitioner lists several periods of incarceration before his parole was revoked, but the precise dates have no impact on the resolution of his petition.

subsequently discovered that he did not receive credit for good-time earned during the time he was in custody before his parole was revoked in January 2006. He unsuccessfully pursued his time credit claim through the state time credit dispute and habeas processes.

On March 20, 2008, petitioner filed a federal habeas action pursuant to 28 U.S.C. § 2254 asserting a sole claim that the State violated his due process rights by not crediting his sentence for good time earned while in custody before his parole revocation.[2] In his supporting memorandum, he argues that the denial of good time credits violates due process because he has a liberty interest in such credits.

On July 25, 2008, respondent filed an answer to the petition. He argues that the petition is untimely and without merit. In September 2008, petitioner filed a reply brief to clarify his claims and rebut that answer.

## II. APPLICABLE LAW

Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. 104-132, 110 Stat. 1217, on April 24, 1996. Title I of the Act applies to all federal petitions for habeas corpus filed on or after its effective date. *Lindh v. Murphy*, 521 U.S. 320, 326 (1997). Because petitioner filed the instant petition after its effective date, the Act applies to his petition.

Title I of AEDPA substantially changed the way federal courts handle habeas corpus actions. Under 28 U.S.C. § 2254(d), as amended by AEDPA, a state prisoner may not obtain relief

> with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim —

---

[2] Although petitioner initially listed this as his fourth claim, he clarifies in his reply brief that this is the only claim he pursues in this action; the first three stated claims are merely arguments against the adjudication of the due process claim at the state level. (Reply at 2.) Because "errors in state postconviction proceedings will not, in and of themselves, entitle a petitioner to federal habeas relief", *Morris v. Cain*, 186 F.3d 581, 585 n.6 (5th Cir. 1999), petitioner's first three stated claims would not be cognizable in this federal habeas action in any event.

>    (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
>    (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

Because petitioner's due process claim was considered on the merits through the state habeas process, *see Ex parte Franklin*, No. 67,905-01, slip op. at 1 (Tex. Crim. App. Aug. 1, 2007), the AEDPA standards enumerated in 28 U.S.C. § 2254(d) apply.[3]

The resolution of factual issues by the state court is presumptively correct and will not be disturbed unless the state prisoner rebuts the presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1). This presumption "applies to explicit findings of fact and to 'those unarticulated findings which are necessary to the state court's conclusions of mixed law and fact.'" *Williams v. Quarterman*, 551 F.3d 352, 358 (5th Cir. 2008) (quoting *Valdez v. Cockrell*, 274 F.3d 941, 948 n.11 (5th Cir. 2001)).

### III. DUE PROCESS

Petitioner claims that the State violated his rights to due process by depriving him of good conduct credits he earned while incarcerated on warrants between the date he was released on parole in 1992 and the date of his parole was revoked in January 2006.[4]

In order to establish a due process violation, petitioner must show that he has been deprived

---

[3] Petitioner argues that the AEDPA standards are inapplicable because the state habeas court misconstrued, misapprehended, and erroneously characterized his claim. (Mem. Supp. at 19-21.) Regardless of whether petitioner's claim is considered *de novo* or through the deferential lens of AEDPA, the result is the same.

[4] Respondent contends petitioner's federal petition is untimely. Because the one-year limitations period applicable in this § 2254 action is not jurisdictional, *see Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998), the Court may appropriately bypass the timeliness issue and proceed to the merits of the asserted claim, *see White v. Quarterman*, No. 3:06-CV-0849-H, 2008 WL 2221035, at *9 (N.D. Tex. May 29, 2008) (accepting recommendation of Mag. J.).

3

of a protected right to which he has a "legitimate claim of entitlement." *Greenholtz v. Inmates of Neb. Penal & Corr. Complex*, 442 U.S. 1, 7 (1979). There is no constitutional guarantee to sentence credit for good behavior while in prison. *Wolff v. McDonnell*, 418 U.S. 539, 557 (1974); *Madison v. Parker*, 104 F.3d 765, 768 (5th Cir. 1997). Any "legitimate claim of entitlement" must therefore come from the state. Under Texas law, inmates have no vested right in good-time credit; it is a privilege which is forfeited on the revocation of parole. *Ex parte Henderson*, 645 S.W.2d 469, 472 (Tex. Crim. App. 1983) (en banc); *accord* Tex. Gov't Code Ann. §§ 498.003(a), 498.004(b) (Vernon 2004).[5] Furthermore, Texas inmates "may not accrue good conduct time during any period the inmate is . . . on parole." Tex. Gov't Code Ann. § 498.003(c).[6]

At no time has petitioner been entitled to good conduct credit for time spent in custody on prior to revocation. Until the revocation, he remained "on parole" notwithstanding his periodic confinement on various warrants. *See Ex parte Canada*, 754 S.W.2d 660, 666 (Tex. Crim. App. 1988). Consequently, § 498.003(c) precludes accrual of good conduct credit for during that time. Even if he had accrued good conduct credit, it would have been forfeited under § 498.004(b) upon

---

[5] Section 498.003(a) currently provides: "Good conduct time applies only to eligibility for parole or mandatory supervision . . . and does not otherwise affect an inmate's term. Good conduct time is a privilege and not a right." It has been a privilege since at least 1977. *Hallmark v. Johnson*, 118 F.3d 1073, 1079 (5th Cir. 1997).
  Since its last amendment in 1995, § 498.004(b) provides that on revocation of parole "the inmate forfeits all good conduct time previously accrued. On return to the institutional division the inmate may accrue new good conduct time for subsequent time served in the division. The department may not restore good conduct time forfeited on a revocation." Prior to the 1995 amendment, the statute provided discretion to restore forfeited good conduct time. *Hallmark*, 118 F.3d at 1079-80. The amendment has no impact on petitioner's claim for good time credit. Petitioner does not assert a claim for restoration of forfeited good time credit, and even if he did, Texas inmates have "no protected liberty interest and therefore no due process right to the restoration of forfeited good-time credits because decisions whether to restore good-time credits under the former scheme were discretionary", *see Savage v. Quarterman*, No. H-07-0772, 2007 WL 2870985, at *8 & n.7 (S.D. Tex. Sept. 27, 2007) (relying on *Hallmark*).

[6] Other than being renumbered to § 498.003 in 1991, this provision has remained the same since its enactment in 1989. *See* Tex. Gov't Code Ann. § 497.003 (Vernon 1989) (showing original text of subparagraph (c)). Furthermore, since at least 1982, the Texas courts have recognized that parolees are not entitled to good conduct time. *See Ex parte Peel*, 626 S.W.2d 767, 768 (Tex. Crim. App. 1982).

the revocation of his parole in January 2006. Petitioner cannot establish that he had a "legitimate claim of entitlement" to good time credits while in custody on pre-revocation warrants.

Throughout his supporting memorandum, petitioner seeks to distinguish between good conduct time that accrued before his release on parole and good conduct time that he is allegedly entitled to under § 498.003(e) for episodes of incarceration before revocation. He argues that § 498.003(e) entitles him to credit for pre-revocation good conduct time because he was confined in a county or state jail facility. That provision does provide for an award of good conduct time for inmates "confined in a county jail". It must be read along with the other provisions of the statute, however, and does not supplant § 498.003(c), which precludes accrual of good conduct time for inmates on parole, or § 498.004(b), which provides for the forfeiture of good conduct time previously accrued when parole is revoked. Petitioner either did not accrue good conduct time while in custody on before revocation  because he was on parole or he forfeited the good conduct time when his parole was revoked.

Petitioner appears to suggest that the good conduct time earned while in pre-revocation custody does not accrue until after revocation and his return to TDCJ-CID. (*See* Mem. Supp. at 5-6, 8, 10-11, 20-21.) Although an "inmate must be in the 'physical custody' of the Department of Corrections before 'good time' can be awarded for any previous confinement", *Ex parte Williams*, 551 S.W.2d 416, 418 (Tex. Crim. App. 1977), the date of the award does not change the date of accrual. Good conduct time awarded under § 498.003(e) for time confined in a county jail accrues (if it accrues at all) during confinement, not after transfer to a TDCJ-CID facility.

Petitioner argues that interpreting § 498.004(b) as forfeiting good conduct time earned while incarcerated on before revocation would render § 498.003(e) meaningless. (Mem. Supp. at 24.)

5

Because persons could be awarded good conduct time for time spent in a county jail for reasons other than the revocation of parole or mandatory supervision, there are other circumstances where § 409.003(e) would still apply, and the provision is not rendered meaningless.

In conclusion, petitioner is entitled to no federal habeas relief on his claim for sentence credit for earned good time while in custody on pre-revocation warrants.[7]

### IV.  STATE CONSIDERATION OF CLAIMS

Petitioner raised his federal claim in his state habeas application.  The Court of Criminal Appeals adjudicated the claim on the merits.  The decision to deny relief at the state level is not inconsistent with applicable Supreme Court precedent.  The decision involved no unreasonable application of Supreme Court precedent.  The adjudication of the claim did not result in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented to the state court.  Under applicable Supreme Court standards and the AEDPA standards, petitioner is entitled to no habeas relief on the claim raised in the instant petition.

### V.  EVIDENTIARY HEARING

Upon review of the pleadings, an evidentiary hearing appears unnecessary to resolve this federal petition.

### VI.  RECOMMENDATION

The District Court should **DENY** the request for habeas corpus relief brought pursuant to 28 U.S.C. § 2254 with prejudice.

---

[7] Petitioner has provided two letters from the State Counsel for Offenders (Exhibits R and S) which state that he has been credited for good time conduct for time in custody before revocation. The letters are not binding on the state courts or this Court. State law governs the issue and provides no entitlement under the facts of this case.

**SIGNED this 3rd day of June, 2009.**

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

The United States District Clerk shall serve a copy of these findings, conclusions, and recommendation on all parties by mailing a copy to each of them. Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must file and serve written objections within ten days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory or general objections. Failure to file written objections to the proposed findings, conclusions, and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE